U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUN 20 2011

CLERK, U.S. DISTRICT COURT
by_____
              Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

MELANIA KATE SWEENEY,                §
                                     §
            Plaintiff,               §
                                     §
VS.                                  §   NO. 4:09-CV-157-A
                                     §
MICHAEL J. ASTRUE,                   §
COMMISSIONER OF THE SOCIAL           §
SECURITY ADMINISTRATION,             §
                                     §
            Defendant.               §

MEMORANDUM OPINION
and
ORDER

Before the court for decision is the complaint of plaintiff,

Melania Kate Sweeney, seeking reversal of the denial by

defendant, Michael J. Astrue, Commissioner of the Social Security

Administration, ("Commissioner") of her application for

Supplemental Security Income disability benefits under Title XVI

of the Social Security Act.  Consistent with the usual practices

of this court, the complaint was referred to the magistrate judge

for proposed findings, conclusions, and a recommendation; and,

the parties were ordered to treat this action as an appeal by

plaintiff from Commissioner's ruling adverse to her.  The

magistrate judge issued his proposed findings and conclusions and

his recommendation ("FC&R") that the Commissioner's decision be

reversed, and that the matter be remanded for further proceedings. After having considered the filings of the parties, the administrative record, and the FC&R, the court has concluded that the magistrate judge's recommendation should be rejected and that the decision of Commissioner should be affirmed.

I.

Positions Taken by the Parties,
and the FC&R

A.   Plaintiff's Opening Brief

In her brief filed with the magistrate judge, plaintiff defined the issues presented as follows:

(1)   Plaintiff's mental impairment meets the requirements of a listed impairment.

(2)   The ALJ improperly evaluated the severity of Plaintiff's impairments.

(3)   The ALJ failed to properly consider all of the evidence in the record.

(4)   The ALJ made an improper residual functional capacity finding.

(5)   The ALJ made an improper step five finding.

Pl.'s Br. at 1.

Plaintiff's argument on the first issue focused on what she considered to be her mental impairment from major depression, bipolar disorder, and attention deficit hyperactivity disorder

("ADHD"). She argued that the ALJ should have determined that the impairment met the requirements of listed impairment 12.04C.2. (20 C.F.R. pt. 404, subpt. P, App. 1, § 12.04C.2.).

The main argument plaintiff made under her second issue was that the ALJ did not apply the standard articulated in Stone v. Heckler, 752 F.2d 1099, 1101 (5th Cir. 1985), in determining which of plaintiff's impairments qualify as severe impairments. While the ALJ found that plaintiff's bipolar disorder was a severe impairment, plaintiff argues that the record establishes as a matter of law that she has two additional conditions that are severe impairments, severe migraine headaches and ADHD. Plaintiff contends that it is unclear from the ALJ's opinion "whether the ALJ did not find her migraine headaches and ADHD impairments to be severe or if he simply failed to consider them at all." Pl.'s Br. at 12. In her discussion under the second issue, plaintiff makes the added contentions that the ALJ failed properly to analyze the severity of her migraine headaches and ADHD impairments, with the result that his residual functional capacity ("RFC") was incomplete.

Under her third issue, plaintiff argued that the ALJ failed properly to consider record evidence pertaining to her medication

side effects and her credibility, thus causing an incomplete RFC assessment and, ultimately, an incorrect decision.

In her argument under the fourth issue, plaintiff contended that the ALJ's RFC determination (particularly his determination that plaintiff "could interact appropriately with the public, supervisors, and co-workers; respond appropriately to work pressures in a usual work setting; respond to changes in routine work setting; understand, remember, and carry out simple and detailed job instructions; and make judgments on simple work-related decisions," Pl.'s Br. at 14) was incorrect. According to plaintiff, medical opinions in the record established that plaintiff did not have the mental capacity to perform the demands of the RFC found by the ALJ.

Under the fifth issue, plaintiff argued that the ALJ erred in finding that a significant number of jobs existed in the national economy that plaintiff could perform.

B.  Commissioner's Responsive Brief

Commissioner took issue with each of plaintiff's arguments. The Commissioner noted that plaintiff had the burden of proving her disability by establishing a physical or mental impairment lasting at least twelve months that prevented her from engaging in any substantial gainful activity, and that included in that

burden of proof was the burden to establish, at step three of the ALJ's analysis, that she meets or equals all of the specified medical criteria of a particular listing. Commissioner maintained that plaintiff failed to prove that she had a condition that met or equaled all the criteria of listing 12.04C.2.

Commissioner responded that the ALJ fully evaluated all of plaintiff's alleged impairments and correctly determined that her bipolar disorder was her only severe impairment. And, Commissioner argued that the ALJ's opinion shows that the ALJ properly applied the Stone standard in determining which of plaintiff's conditions constituted severe impairments.

As to the third issue, Commissioner maintained that the ALJ considered all record evidence in evaluating plaintiff's claim, and in the course of doing so properly determined that plaintiff's subjective complaints were not credible to the extent alleged.

Commissioner responded to the fourth issue by pointing to the parts of the record that constitute substantial evidence supporting the ALJ's RFC determination.

Finally, Commissioner responded as to the fifth issue that substantial evidence supports the ALJ's finding that there are

jobs that exist in significant numbers in the national economy
that plaintiff can perform.

C.    The FC&R

The magistrate judge recommended that Commissioner's
decision be reversed, and that the case be remanded for further
proceedings.  He defined the issues to be "[w]hether the ALJ
applied the correct legal standard in determining that
[plaintiff] was not disabled, and whether his determination is
supported by substantial evidence."[1]  FC&R at 4.  The FC&R
indicates that the magistrate judge's recommendation for reversal
was based on his proposed findings and conclusions as follows:

> In this case, although the ALJ referred to *Stone*
> by name in analyzing Sweeney's bipolar disorder, it is
> not clear that he applied the appropriate standard in
> analyzing her migraine headaches or her ADHD.  In fact,
> it is not clear that he gave any consideration
> whatsoever to her headaches or ADHD at step two.  He
> failed to make any conclusions regarding the severity
> of those two impairments or to discuss the effects that
> those two impairments have on her ability to work.
> *Stone*, 752 F.2d at 1101.  Thus, he applied an incorrect
> standard of severity at step two.  *See, e.g., Weston* v.
> *Astrue*, 2010 WL 2293273 (N.D. Tex. May 4,2010)
> (Ramirez, J.).

> The failure of the ALJ to apply the correct
> standard to the severity requirement as set forth in
> *Stone* and his failure to apply *Stone's* construction of

---

[1]The magistrate judge failed to mention the other issues plaintiff presented in her brief.  See supra at
2.

20 C.F.R. § 404.1520(c) is a legal error, and it requires that this case be remanded for reconsideration. *Stone,* 752 F.2d 1099. Determinations of non-disability "must stand or fall with the reasons set forth in the ALJ's decision, as adopted by the Appeals Council." *Newton v. Apfel,* 209 F.3d 448, 455 (5th Cir. 2000). The ALJ in this case failed to make a reviewable *Stone* analysis of Sweeney's migraine headaches or of her ADHD mental impairment. There is ample medical evidence that Plaintiff suffered from migraine headaches and ADHD. *(See, e.g.,* 126, 148-49, 181-83, 347-63, 380, 387, 401-02, 414-19, 430-32, 445.) Given the low bar for the establishment of a severe impairment under *Stone,* remand is appropriate to allow the Commissioner to clarify that the *Stone* opinion was followed and to revisit whether any other of Sweeney's impairments should have been included among her severe impairments at step two of the ALJ's analysis.

Id. at 10-11.

D.  The Court, *Sua Sponte,* Has Reviewed the Issues

Even though no objection was made by either party to the FC&R, the undersigned nevertheless has the authority, if not the duty, to make a correct final determination. See Thomas v. Arn, 474 U.S. 140, 154 (1985); Mathews v. Weber, 423 U.S. 261, 270-71 (1976); see also Conwell v. Astrue, No. 4:09-CV-656-A, 2011 WL 1490291, at *1-2 (N.D. Tex. Apr. 18, 2011). Because of what appear on the face of the FC&R to be errors, the undersigned, sua sponte, has devoted the time and attention necessary to reach what he considers to be a correct final determination in this action.

II.

Analysis

A.  Basic Principles

A guiding principle is that judicial review of a decision of
Commissioner of nondisability is limited to two inquiries: (1)
whether Commissioner's decision is supported by substantial
evidence on the record as a whole and (2) whether Commissioner
applied the proper legal standards.  See Anthony v. Sullivan, 954
F.2d 289, 292 (5th Cir. 1992).  Elaborating, the Fifth Circuit
explained in Perez v. Barnhart that:

> Substantial evidence is such relevant evidence as a
> reasonable mind might accept as adequate to support a
> conclusion.  It is more than a mere scintilla and less
> than a preponderance.  In applying the substantial
> evidence standard, the court scrutinizes the record to
> determine whether such evidence is present, but may not
> reweigh the evidence or substitute its judgment for the
> Commissioner's.  Conflicts of evidence are for the
> Commissioner, not the courts, to resolve.  If the
> Commissioner's fact findings are supported by
> substantial evidence, they are conclusive.

415 F.3d 457, 461 (5th Cir. 2005) (internal quotation marks and
citations omitted).

Also basic is the claimant's burden of proof, as the Fifth
Circuit reminded in Hames v. Heckler:

> It must be remembered that an individual claiming
> disability insurance benefits under the Social Security
> Act has the burden of proving her disability.  To meet

8

her burden and establish disability under the Act,
Plaintiff must prove that she is unable to engage in
any substantial gainful activity.  Plaintiff must also
establish a physical impairment lasting at least twelve
months that prevents her from engaging in substantial
gainful activity.

707 F.2d 162, 165 (5th Cir. 1983) (citations omitted).  See also

Mays v. Bowen, 837 F.2d 1362, 1364 (5th Cir. 1988); Shearer v.

Astrue, 2008 WL 5136949, at *3, No. 4:07-CV-552-A (N.D. Tex. Dec.

5, 2008).

Essential to Commissioner's decision and the court's

analysis is the five-step-sequential-evaluation process that the

ALJ was charged with employing in reaching his decision, 20

C.F.R. § 416.920, which, stated briefly, is as follows:  First,

the claimant must not be presently working at any substantial

gainful activity as defined in the regulations.  Second, the

claimant must have an impairment or combination of impairments

that is severe.  Third, the impairment or combination of

impairments must meet or equal an impairment listed in the

appendix to the regulations.  Fourth, the impairment or

impairments must prevent the claimant from returning to past

relevant work.  And fifth, the impairment must prevent the

claimant from doing any work, considering the claimant's residual

functional capacity, age, education, and past work experience.
See Perez, 415 F.3d at 461.

At steps one through four, the burden of proof was upon plaintiff to show she was disabled.  Id.; Crowley v. Apfel, 197 F.3d 194, 198 (5th Cir. 1999).  If plaintiff satisfies that burden, the burden shifted to the Commissioner to show that there is other gainful employment plaintiff was capable of performing despite her existing impairments.  Perez, 415 F.3d at 461.  "Once the Commissioner makes this showing, the burden shifts back to the claimant to rebut this finding."  Id. (internal quotation marks and citation omitted).

As the ALJ correctly observed, "[b]efore considering step four of the sequential-evaluation process, [the ALJ] must first determine the claimant's residual functional capacity" which is "[a]n individual's . . . ability to do physical and mental work activities on a sustained basis despite limitations from their impairments."  Tr. at 18-19.  See Perez, 415 F.3d at 461.  "The claimant's RFC is used at both steps four and five of the sequential analysis: at the fourth step to determine if the claimant can still do his past relevant work, and at the fifth step to determine whether the claimant can adjust to any other

type of work."  Id. at 462.  The RFC is to be based on all

relevant evidence in the claimant's record.  Id.

B.    Discussion of Issues Presented by Plaintiff

    While the magistrate judge chose not to discuss all the

issues presented by plaintiff in her brief, the court has

concluded that an orderly disposition of this action requires a

separate treatment of each of the issues.

    1.    The Severe Impairment/Stone Issue

    Plaintiff contends under her second issue that the ALJ did

not apply the Stone standard in the ALJ's second-step-severe-

impairment evaluation.  The magistrate judge agreed by a proposed

finding that the ALJ failed to apply Stone's construction of 20

C.F.R. § 404.1520(c).[2]  FC&R at 10.

    In Stone, the Fifth Circuit concluded that a proper

construction of the regulation is that "an impairment can be

_____

[2]20 C.F.R. § 404.1520(c) reads as follows:

    (c) You must have a severe impairment. If you do not have any impairment or
    combination of impairments which significantly limits your physical or mental ability to
    do basic work activities, we will find that you do not have a severe impairment and are,
    therefore, not disabled. We will not consider your age, education, and work experience.
    However, it is possible for you to have a period of disability for a time in the past even
    though you do not now have a severe impairment.

The comparable regulation applicable to Title XVI claims is 20 C.F.R. § 416.920(c), which is worded
identically to 20 C.F.R. § 404.1520(c) except for the omission in § 416.920(c) of the final sentence of
§ 404.1520(c).  The court considers that Stone is applicable to both sections 404.1520(c) and 416.920(c).

considered as not severe only if it is a slight abnormality

having such minimal effect on the individual that it would not be

expected to interfere with the individual's ability to work,

irrespective of age, education or work experience." Stone, 752

F.2d at 1101 (internal quotation marks and brackets omitted).

Stone established the Fifth Circuit rule that:

> [W]here the disposition has been on the basis of
> nonseverity, we will in the future assume that the ALJ
> and Appeals Council have applied an incorrect standard
> to the severity requirement unless the correct standard
> is set forth by reference to this opinion or another of
> the same effect, or by an express statement that the
> construction we give to 20 C.F.R. § 404.1520(c) (1984)
> is used. Unless the correct standard is used, the claim
> must be remanded to the Secretary for reconsideration.

Id. at 1106.

The court agrees with Commissioner that the analysis of the

ALJ is consistent with Stone, and that the wording of the ALJ's

opinion makes clear that the ALJ correctly applied the Stone

standard.

In describing the evaluation method he was using at step

two, the ALJ explained:

> At step two, I must determine whether the claimant has
> a medically determinable impairment that is "severe" or
> a combination of impairments that is "severe." (20
> C.F.R. 416.920(c))   The Fifth Circuit in Stone v.
> Heckler, 752 F.2d 1099 (5th Cir. 1985) and Estran v.
> Heckler, 745 F.2d 340 (5th Circ. [sic] 1984) stated
> that "an impairment can be considered as not severe

only if it is a slight abnormality which has such a
minimal effect on the individual that it would not be
expected to interfere with the individual's ability to
work irrespective of age, education, or work
experience."  An impairment or combination of
impairments is "severe" within the meaning of the
regulations if it significantly limits an individual's
ability to perform basic work activities.  An
impairment or combination of impairments is "not
severe" when medical and other evidence establish only
a slight abnormality or a combination of slight
abnormalities that would have no more than a minimal
effect on an individual's ability to work.

Tr. at 18.

The ALJ could not have made it any clearer that he

understood the Stone standard of severe impairment, and was

giving it effect.  The mere fact that the ALJ went on to

elaborate on factors that can, or should, be considered in making

the severe impairment determination does not detract in the

slightest from his clear statement of his understanding of the

Stone standard.

If there otherwise were any uncertainty about the technique

used by the ALJ in reaching his finding that plaintiff's mental

impairment in the form of a bipolar disorder was her only severe

impairment, it would be put to rest by the explanation the ALJ

gave for that finding:

The claimant has an impairment which meets the standard
given by the Fifth Circuit in *Stone v. Heckler*, 752
F.2d 1099 (5th Cir. 1985) and *Estran v. Heckler*, 745

13

F.2d 340 (5th Circ. [sic] 1984) as it is more than "a
slight abnormality which has such a minimal effect on
the individual that it would not be expected to
interfere with the individual's ability to work
irrespective of age, education, or work experience."

Id. at 19. Thus, the ALJ expressly stated that he applied the

Stone standard in evaluating the severity of plaintiff's

impairments; and, a reasonable inference to be drawn from the

ALJ's opinion is that after the ALJ considered all plaintiff's

claimed impairments he found that plaintiff's bipolar disorder

was the only impairment that met the standard.

Nor can a reasonable argument be made that the ALJ failed to

give appropriate consideration to plaintiff's headaches and ADHD

at step two. The ALJ said that "[he had] considered the complete

medical history consistent with 20 C.F.R. § 416.912(d)." Tr. at

17. He also said that his conclusion of nondisability was

"[a]fter careful consideration of all the evidence." Id.

Neither plaintiff nor the magistrate judge has called the court's

attention to anything that would cause the court to doubt the

truthfulness of those statements. Moreover, the ALJ's opinion

affirmatively shows that he considered plaintiff's headaches and

ADHD.

The ALJ's discussion of his step three analysis makes

specific references to plaintiff's history of, and treatment for,

ADHD, Tr. at 20-21. And, the ALJ took note of plaintiff's complaints of headaches daily, id. at 20, the statement of plaintiff that when she overdosed on Tylenol in 2004 she was not attempting to harm herself but was trying to relieve her headache, id. at 21, and her hearing testimony concerning her headaches, id. at 25. The ALJ's opinion shows that the ALJ considered plaintiff's history of ADHD and headaches in all his evaluations, including his step two evaluation. There is no merit to plaintiff's arguments that the ALJ failed to properly analyze the severity of her headache and ADHD impairments. His opinion indicates that he did so at each step of the evaluation process. The record does not support plaintiff's argument that she conclusively established that her alleged headache and ADHD impairments were severe.

For the reasons given under this sub-subheading, the court must reject the magistrate judge's proposed findings and conclusions in the FC&R. And, for the same reasons, the court concludes that the points plaintiff makes under her second issue are without merit.[3]

---

[3]The court has not been required to decide whether a failure, if there had been one, of the ALJ properly to apply the Stone standard at step two would have required a reversal and remand, bearing in mind that the ALJ did not decide the case at step two but went through steps three, four, and five in his analysis before reaching a decision. However, the court's tentative conclusion is that the Commissioner's

(continued...)

2.    The Court Now Considers the Remaining Issues
      Presented by Plaintiff

      (a)    The First Issue

Plaintiff's first issue is that her mental impairment meets

the requirement of listing 12.04C.2., with the consequence that

she should have been found disabled at step three.  Her reference

in this issue to "mental impairment" is, according to her

argument, to the combination of her alleged impairments of major

depression, bipolar disorder, and ADHD.

In Sullivan v. Zebley, the Supreme Court provided the

following explanations pertinent to plaintiff's first issue:

> The listings set out at 20 CFR pt. 404, subpt. P,
> App. 1 (pt. A) (1989), are descriptions of various
> physical and mental illnesses and abnormalities, most
> of which are categorized by the body system they
> affect.  Each impairment is defined in terms of several
> specific medical signs, symptoms, or laboratory test
> results.  For a claimant to show that his impairment
> matches a listing, it must meet all of the specified
> medical criteria.  An impairment that manifests only
> some of those criteria, no matter how severely, does
> not qualify.

---

[3](...continued)
decision should be affirmed even if there had been such a failure.  See Jones v. Bowen, 829 F.2d 524,
526 n.1 (5th Cir. 1987) (per curiam) (rejecting the claimant's argument concerning Stone because the
ALJ proceeded through steps four and five of the analysis); Chaparro v. Bowen, 815 F.2d 1008, 1011
(5th Cir. 1987) (per curiam); Noble v. Astrue, No. 4:09-CV-545-A, 2011 WL 2330972, at *3, *6-7 (N.D.
Tex. June 14, 2011); Blessing-Martinez v. Astrue, No. 4:09-CV-535-A, 2011 WL 1297550, at *1-2 (N.D.
Tex. Apr. 5, 2011); Stone v. Astrue, No. 4:08-CV-598-A, 2010 WL 2164414, at *2-3 (N.D. Tex. May 27,
2010).  Unpublished opinions of the Fifth Circuit that are instructive are LeBlanc v. Chater, No. 95-
60547, 83 F.3d 419, 1996 WL 197501, at *2 (5th Cir. Mar. 21, 1996); Nicholson v. Massanari, No. 00-
31370, 254 F.3d 1082, 2011 WL 564157, at *1 (5th Cir. May 18, 2001).

. . . .

> For a claimant to qualify for benefits by showing that his unlisted impairment, or combination of impairments, is "equivalent" to a listed impairment, he must present medical findings equal in severity to <u>all</u> the criteria for the one most similar listed impairment.

493 U.S. 521, 529-31 (1989) (emphasis in original, footnotes omitted).

Plaintiff's contention is that the record required the ALJ to find that her mental impairment met the following listing 12.04C.2. criteria:

> C.   Medically documented history of a chronic affective disorder of at least 2 years' duration that has caused more than a minimal limitation of ability to do basic work activities, with symptoms or signs currently attenuated by medication or psychosocial support, and ...
> 2.   A residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicted to cause the individual to decompensate ...

Pl.'s Br. at 3 (quoting 20 C.F.R. pt. 404, subpt. P, App. 1, § 12.04C.2.).

The court concludes that, for the reasons given by Commissioner in his brief, Comm'r Br. at 4-9, plaintiff has not satisfied her burden to establish that she had a mental impairment that meets listing 12.04C.2., and that there is substantial evidence supporting the ALJ's finding that plaintiff

"does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1." Tr. at 19.

Plaintiff seems to be of the impression that the mere mention of her mental impairment conditions in the medical records is enough to satisfy the listing. The Fifth Circuit has rejected that line of reasoning. See Hames v. Heckler, 707 F.2d at 165. There is substantial evidence to support the conclusion that plaintiff's impairments, whether considered alone or in combination, did not meet or equal the standard of severity required by listing 12.04C.2. The ALJ's thorough discussion explaining why he did not find a listed impairment at step three demonstrates that he made an informed and proper evaluation at that step, and that the finding he made has ample support in the record.

Therefore, the court concludes that plaintiff's arguments under her first issue are without merit.

(b)  The Third Issue

Plaintiff's argument under her third issue that the ALJ failed properly to consider record evidence pertaining to her medication side effects and her credibility and that such failure led to an incomplete RFC assessment is without merit. As the

court has noted in the discussion under the heading "The Severe Impairment/*Stone* Issue," the opinion of the ALJ affirmatively demonstrates that the ALJ carefully considered all of the record evidence in his evaluations. <u>Supra</u> at 14. That necessarily includes whatever evidence is in the record bearing on plaintiff's medication side effects and her credibility. The ALJ explained in his opinion that his finding as to plaintiff's RFC was reached only "[a]fter careful consideration of the entire record." Tr. at 24. The court has no reason to doubt that he did so; and, the text of his opinion confirms that he did.

     (c)  <u>The Fourth Issue</u>

Under her fourth issue, plaintiff complains of the ALJ's RFC determination. The court concludes that plaintiff's argument in support of this issue is without merit.

The ALJ made the following RFC findings:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: due to the claimant's mental impairment, including neurovegetative symptoms of that impairment, the claimant has moderate limitations, but can still function satisfactorily, in her ability to interact appropriately with the public, supervisors, and co-workers; respond appropriately to work pressures in a usual work setting; and respond to changes in a routine work setting. The claimant has serious limitations, and her functioning is severely limited but not

precluded, for her ability to understand, remember, and
carry out detailed job instructions; and make judgments
on simple work-related decisions. The claimant has
mild limitations, but ordinarily functions well, in her
ability to understand, remember, and carry out short
simple instructions.

Tr. at 24.

In addition to prefacing his RFC findings with the statement

that they were made "[a]fter careful consideration of the entire

record," id., the ALJ explained, after stating his findings, that

"[i]n making this finding, I have considered all symptoms and the

extent to which these symptoms can reasonably be accepted as

consistent with the objective medical evidence and other

evidence, based on the requirements of 20 C.F.R. § 416.929 and

SSRs 96-4p and 96-7p," and "opinion evidence in accordance with

the requirements of 20 C.F.R. § 416.927 and SSRs 96-2p, 96-5p,

96-6p and 06-3p," id. Nothing has been called to the court's

attention that would persuade the court that the ALJ did not

consider, as he indicated in his opinion he did, everything he

should have considered in making his RFC determination. There is

substantial evidence in the record to support that determination.

### (d) The Fifth, and Final, Issue

Under her fifth issue, plaintiff argues that the ALJ erred

in his finding at step five that "a significant number of jobs

existed in the national economy that Plaintiff could perform."[4]

Pl.'s Br. at 16.  The ALJ's step five finding was as follows:

> Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.  (20 C.F.R. §§ 416.960(c) and 416.966)

Tr. at 25.  After making that finding, the ALJ explained his reasons for the finding.  His reasoning comports with the record and applicable law.  The hypothetical question posed by the ALJ to the vocational expert properly incorporated all of plaintiff's limitations supported by the record and recognized by the ALJ.  That is all that was required.  See Masterson v. Barnhart, 309 F.3d 267, 273 (5th Cir. 2002).  The vocational expert responded that an individual described in the hypothetical question could perform work that existed in significant numbers in the national economy, thus providing substantial evidence to support the ALJ's determination.  Tr. at 25-26.

As previously noted, once Commissioner meets his step five burden, the claimant has the burden to prove that she in fact cannot perform the work to which the vocational expert made reference.  Supra at 10.  See also Shelders v. Sullivan, 914 F.2d

---

[4]The ALJ found at step four that plaintiff had no past relevant work.  Tr. at 25.

614, 618 (5th Cir. 1990) (saying that if "the Secretary fulfills his burden of pointing out potential alternative employment, the burden then shifts back to the claimant to prove that he is unable to perform the alternate work" (internal quotation marks and citation omitted)). Plaintiff offered no evidence that she was unable to perform the alternate work identified by the vocational expert.

While the ALJ should consider on a function-by-function basis the capacity of plaintiff to perform the alternate work on a regular and continuing basis, which he presumably did, there is no requirement that he include in his written opinion a function-by-function analysis. As he was required to do, the ALJ explained how the evidence supported his conclusions about plaintiff's limitations, and discussed her ability to perform sustained work activities. Tr. at 20-25.

Substantial evidence in the record supports the ALJ's step five finding. Therefore, the court concludes that plaintiff's argument in support of her fifth issue is without merit.

C. Conclusion

For the reasons given above, the court concludes that the magistrate judge's recommendation of reversal and remand should be rejected. The court disapproves of all proposed findings and

conclusions of the magistrate judge that are inconsistent with this memorandum opinion. The court concludes that all arguments made by plaintiff in support of the issues she presents in her brief are without merit.

Having concluded that the decision of Commissioner is supported by substantial evidence on the record as a whole, and that Commissioner applied the proper legal standards, the court is affirming the decision of Commissioner that plaintiff was not disabled under section 1614(a)(3)(A) of the Social Security Act.

III.

Order

Therefore,

The court ORDERS that the decision of Commissioner that plaintiff was not disabled under section 1614(a)(3)(A) of the Social Security Act be, and is hereby, affirmed.

SIGNED June 20, 2011.

_____
JOHN McBRYDE
United States District Judge